IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 South Howard Street, 3rd Floor,<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br><br>THE BELL COMPANY, LLC,<br>1340 Lexington Ave, Rochester, NY 14606-3010<br>at the US Army Aberdeen Proving Ground<br>Aberdeen Proving Ground, MD 21005-5001<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis retaliation and to provide appropriate relief to Timothy Shultz, a former employee of Defendant. As alleged with greater particularity in paragraph 7 below, Shultz was discharged in retaliation for engaging in protected activity, in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, The Bell Company, LLC, has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5.      At all relevant times, Defendant, The Bell Company, LLC, has continuously been a privately-held New York company doing business in the State of Maryland and the Aberdeen Federal Proving Grounds, Aberdeen, Maryland, and has continuously had at least 15 employees.

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Timothy Shultz filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2008, Defendant has engaged in unlawful practices at its Aberdeen Federal Proving Grounds facility, in violation of Section 704(a) of Title VII. The unlawful employment practices include the following:

a. Between August 2008 and February 2009, Shultz was employed by Defendant as a mechanical foreman in charge of a pipefitting crew at Defendant's construction site at Aberdeen Proving Grounds.

b. In August 2008, Defendant placed a female Lull Telehandler operator and equipment operator, Elaine Cusato ("Cusato"), into Shultz's crew under Shultz's direct supervision, after Cusato complained to Defendant of sexual harassment by her former foreman, Mario Isada ("Isada"). The sexual harassment of Cusato, as well as her retaliatory termination, is the subject of *EEOC v. The Bell Company and the Bell Company LLC*, 1:10-cv-01342-BEL (D.Md.).

c. During his employment with Defendant, Shultz was privy to numerous statements from Isada, Mechanical Superintendent Keith Okleshen, Project Co-Manager James Burdette, Project Supervisor Gerry Romandino, and Lead Project Superintendent Mel Snelling indicating their opinion that women were unfit to work as skilled workers on their construction site; malice toward women workers and Cusato in particular; knowledge that their actions constituted illegal harassment; and intent to harass and discriminate against Cusato because of her sex and to retaliate against her due to her opposition to sexual harassment by Defendant.

d. Immediately upon Cusato's reassignment to Shultz's crew, it became apparent to Defendant that Shultz valued Cusato as a worker and was sympathetic to her complaints of discrimination.

e. During the relevant period, Shultz engaged in the following protected activity:

reporting the fact that Isada was calling Cusato "a bitch" and an untrustworthy employee to Cusato, who then complained to Okleshen and Burdette; cautioning Okleshen, Burdette, and Snelling in October 2008 not to fire Cusato in light of Isada's recent sexual harassment of her, after Shultz learned that Romandino had expressed an intent to "get rid of" her as a favor to Isada, and despite being advised by these men to put his personal feelings aside and to let the company fire her; interceding on Cusato's behalf after Romandino and Okleshen wanted to take Cusato's vehicle radio away following a dispute over the radio between Isada and Cusato; directing Isada to go through him (Schultz) before ordering Cusato away from her assigned tasks following Cusato's assignment to Shultz's crew; complaining to Okleshen after each of two instances in which Isada ordered construction workers to take Cusato's vehicle away from her by force; and protesting Okleshen's order to Shultz to fire Cusato and threatening to go to higher management in protest of the order.

  f. Shultz was known by his supervisors to be associating with Cusato after her firing, and he was deemed to be sympathetic to Cusato's charge. After Defendant's assistant superintendent, Rob Nesbit, learned that Shultz had met with Cusato after her firing, he cautioned Shultz to be "careful," and insinuated that Shultz could lose his job if he were deemed to be an ally of Cusato's.

  g. In January 2009, following Defendant's receipt of Cusato's Charge of Discrimination, Defendant queried Shultz about whether he was assisting Cusato with her charge. Shultz stated that he had knowledge of events and "how they were handled" and that he "would not be put into a situation where [he] was expected to lie." Defendant told Shultz that he "was well advised to let it go."

h.      Not long thereafter, on February 4, 2010, Defendant fired Shultz and refused to discuss with him the reason for his termination.

i.      Defendant's termination of Shultz was because Shultz opposed practices made unlawful by Title VII and because he participated in EEOC's investigation of Cusato's investigation; was believed to have done so; and/or was believed by Defendant to do so in the near future.

8.      The unlawful employment practices complained of in Paragraph 7 above were intentional.

9.      The unlawful employment practices complained of in Paragraph 7 above were done with malice or with reckless indifference to Shultz's the federally protected rights.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from sexually harassing their employees and from engaging in retaliation against employees who oppose practices made unlawful by Title VII and/or participate in EEOC investigations;

B.      Order Defendant to institute and carry out policies, practices, and programs which eradicate retaliation against employees who oppose discriminatory practices or participate in EEOC investigations, and that eradicate the effects of Defendant's past and present unlawful employment practices.

C.      Order Defendant to institute and carry out a standard reasonable and mandatory procedure for investigating the truth of workers' complaints concerning discriminatory behavior;

and to train all levels of management authorized to investigate such complaints in the proper protocol for investigation, internal reporting, and recordkeeping with regard to such complaints.

D.    Order Defendant to make Shultz whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to front pay.

E.    Order Defendant to make Shultz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including retraining expenses, job search expenses, and medical expenses and other benefits not covered by Defendant's employee benefit plan following his termination in amounts to be determined at trial.

F.    Order Defendant to make Shultz whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

G.    Order Defendant to pay Shultz punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Federal Bar No. 15562
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2733 (phone)
(410) 209-4270 (fax)
maria.salacuse@eeoc.gov